Commonwealth *v.* Cantilla, Appellant.

Argued February 2, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*Ernest F. Walker* and *B. A. Sciotto,* for appellant.

*D. P. Weimer,* District Attorney, for appellee.

OPINION BY MR. JUSTICE WALLING, March 16, 1931:

The defendant, Frank Cantilla, was indicted jointly with Carl Crow and Frank Powell, for the murder of Louis Hoffman. The facts sufficiently appear in the opinion filed herewith in the Crow Case and need not be repeated. Cantilla was convicted of murder of the first degree and the jury fixed the death penalty; from sentence imposed thereon he brought this appeal. The case was tried upon the theory that the homicide was committed in an attempt to commit robbery and because of that was, under the statute, murder of the first degree. The first of the questions stated as involved is as to the sufficiency of the evidence to support that conclusion. In our opinion, on the testimony, that was a question for the jury. As stated in the Crow Case, the fact that they went in the daytime to an inhabited farm, that they were armed with deadly weapons, that whiskey had been and they believe yet was stored there, that they demanded information of the Hoffmans as to where it was, and failing to be informed, violently struck and then shot the deceased to death and wounded his brother, that before they reached the farm one of the conspirators declared they were going for the whiskey and would take it regardless of opposition. There was no more probability that the Hoffmans would voluntarily surrender the liquor than that they would voluntarily give up the horses in the stable or the cows in the pasture. That violence was intended may be inferred from the fact that it was so soon employed. That there may have been no liquor then stored upon the premises, or that they failed to secure it if it was there, does not disprove their intent or the fact of the attempt.

The second question suggested was the sufficiency of the evidence to support a conviction of murder of the first degree. If committed in an attempt to perpetrate a robbery, as the jury found, then under the Act of March 31, 1860, Purdon's Digest (13th edition), volume 1, page 962, it was murder of the first degree; thereupon the verdict and judgment rest. The case might have been tried and the verdict sustained aside from the attempt to commit robbery, for the unprovoked nature of the assault, the number of shots fired and the deadly aim, all indicate a deliberate intent to commit murder. Hence, it could not be affirmed that the evidence was insufficient to establish murder of the first degree.

The third and last question suggested is that the charge as a whole was inadequate. The counsel, however, fail to point out wherein it was inadequate. We have examined the charge very carefully and fail to discover any defect therein. It was adequate and covered every phase of the case with clarity and commendable judicial fairness. The defendant was identified by Herman and Homer Hoffman, also by the two girls who went out to the Hoffman farm that afternoon and by Mrs. Varner and her daughter, who saw him go by in the direction of the Hoffman farm shortly before the shooting. It was the testimony, not the charge of the court, that was responsible for the verdict.

The assignments of error are overruled, the judgment is affirmed and the record is ordered remitted for the purpose of execution.